## Succession of Frederic Bousquet.

Persons who have lived in open concubinage, and have not subsequently married, cannot make to each other any donation *inter vivos* or *mortis causa* of moveables, exceeding one-tenth of the donor's estate, after deducting the debts and charges against it.

Appeal from the Court of Probates of New Orleans, *Maurian*, J.

*Train* and *Bruson*, for the appellant.

*Biron*, for the executor.

*Barthe*, for the absent heirs.

Simon, J. The matters in controversy in this case grow out of the opposition made by one Marguerite Bourret, to the homologation of the account filed by the dative testamentary executor of the late Frederic Bousquet, on which account she was placed

as a creditor of the estate for the sum of $500. She pretends to be a privilege creditor of said estate in the sum of $856, for the board and lodging of the two minor children of the deceased, and for the expenses incurred by her for their benefit, during the absence of their father ; and she contends that the said sum of $856 ought to be substituted on the tableau for that of $500 allowed her.

She further states that a sum of $2000 has been bequeathed to her by the testator, who left an estate of great value in France, and that this legacy can be discharged without exceeding the portion which the deceased could legally dispose of to the prejudice of his forced heirs. She prays that the tableau may be amended accordingly.

Previous to the filing of this opposition, the attorney representing the absent heirs had already filed his objections to the payment of the legacy of $2000 to the opponent, on the ground that she was the concubine of the deceased ; that the amount disposed of exceeds the one-tenth part of the whole value of the estate ; and that, at all events, said amount is more than half of the succession, and ought to be reduced. He also objected to the payment of the sum of $500, placed on the tableau in favor of Marguerite Bourret, alleging that if it is true that she had charge of the two children during twenty months, she used their services as clerks in her grocery store, for which services a compensation of $30 per month ought to be allowed, which after deduction of the account for clothing, will leave a balance in favor of the succession ; and he prays that the tableau may be amended accordingly.

The judge *a quo* reduced the amount claimed by the opponent to the sum of $394, and, with regard to the legacy, decided that it should be reduced to the one-tenth part of the *residuum* of the estate ; and from this judgment the opponent has appealed.

On the first claim of the appellant, this case presents a mere question of fact, which appears to have been fully investigated below, and we cannot say that the judge erred in the conclusion which he has adopted. The evidence establishes that the two children of the deceased (boys), one aged thirteen and the other fifteen or seventeen years, lived for a certain length of

time with the appellant during the absence or after the death of their father. It is shown that she kept a grocery store, that said children were under her charge, and that besides their board and lodging, she sometimes procured them clothes and other things. Some witnesses, however, say, that when they were put on board of a ship for France, they had no clothes, and were so destitute of every thing, that one of the witnesses was obliged to furnish one of the children with the necessary clothing for his passage. The officer who arrested the younger boy swears that the opponent, on being asked by him for the boy's clothes, answered that he had none. On the other hand, it is established by one of the witnesses that he saw the children selling goods in the store ; that they appeared to act as clerks ; and he thinks each of them worth for their services $10 a month, besides their board, washing and lodging. Another witness swears that the younger one, as a help in a store, could get $20 a month ; several other witnesses say that the oldest did render some services in the store ; that they were of some use to the opponent ; while others testify that the children were of no use to her ; that they could get nothing besides their board and lodging, and that they are not entitled to any thing beyond their maintenance. The evidence also proves that the appellant paid several small accounts for shoes and clothes furnished to the children ; and it is admitted that, on one occasion, she got shirts for them, to the amount of $20.

With this contradictory evidence how could we say that the judge *a quo* did not allow to the opponent all that she was legally entitled to recover. He heard the witnesses and saw them testify, and was much more able than we are, to discard from the testimony the circumstances and facts sworn to by witnesses on whose credit he may have found that no reliance could be placed. He allowed the appellant $394 ; and, we think, this part of the judgment complained of is not such as to require our interference.

With regard to the rights of the appellant under the legacy of $2000 made to her by the deceased, which by the admissions of counsel, is the only legacy contained in his will, and was shown below, by said admissions, to have been made to his

concubine, it has been contended by her counsel that according to article 1468 of the Civil Code, she was entitled to receive the one-tenth part of the whole value of the estate without deducting the debts and other charges, and that the judgment appealed from is incorrect, as it only allows her the one-tenth part of the *residuum* of said estate ; and we have been referred to the case of *Lowery* v. *Kline* (6 La. 380), as a case in point.

The question in that case was, whether the legatee should be limited to the recovery of the one-tenth part of the *personal* estate, and the court decided that it was only reducible to one-tenth of the value of the estate without making any distinction between the personal and real estate of the deceased, being in the French text of the law, *de la valeur totale des biens ;* but this court never entertained or intimated the opinion that the one-tenth part of the whole value of the estate should be allowed to the legatee before deducting the debts, *deducto œre alieno ;* as it seems to us clear that the words—*value of the estate,* do not mean the estimated amount of the effects and property belonging thereto, but its real and actual value after payment of the debts. An estate or succession may be valueless, although the inventory should amount to a considerable sum, if after deducting the debts, there remains nothing for the heirs or for the legatees ; and it would be strange indeed to permit a concubine, legatee of a sum of $10,000, whose legacy is to be reduced to one-tenth of the value of an estate shown to be worth $100,000 exclusive of the debts, which, therefore, according to the doctrine contended for by the appellant would entitle her to the whole amount of the legacy, to take the sum bequeathed, to the prejudice of creditors whose claims would amount in the aggregate to a sum nearly equal to the active part of the succession ; or to the exclusion of the heirs, if the debts amounted to ninetenths of such succession, for then the concubine would not only receive the whole amount of the legacy, but would also take the whole value of the estate. We cannot sanction such a doctrine.

*Judgment affirmed.*